IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

COUNG V. PHAM,

                    Petitioner,


          vs.                                    Case No. 04-3326-JTM
                                                 Case No. 02-10016-01-JTM

UNITED STATES OF AMERICA,

                    Respondent.


MEMORANDUM AND ORDER

This matter is before the court on the motion of defendant Coung Pham seeking to vacate his

sentence under 28 U.S.C. § 2255.  Pham was convicted of possession of a firearm by a former felon.

Pham argues here that his appointed counsel was ineffective in failing to investigate and prevent the

application of a two-point enhancement to his criminal history under U.S.S.G. §4A1.1(d).[1]

A jury trial was held and on July 24, 2002, the defendant was found guilty of one count of

being a felon in possession of a firearm.  On October 15, 2002, the defendant was sentenced to 77

months in prison, to run consecutively to the sentence imposed in Sedgwick County District Court

Case number 01CR1714, to be followed by three years of supervised release.

On October 22, 2002, the defendant filed a notice of appeal with the Tenth Circuit Court of

Appeals.  On October 15, 2003, the Tenth Circuit Court of Appeals affirmed the defendant's

_____

[1]Pham has also moved to proceed without prepayment of fees, (Dkt. No. 48) and for
appointment of counsel.  (Dkt. No. 49.)  The court will grant the former request to proceed, but
deny appointment of counsel.  The present matter is not complex and is ably articulated by Pham
himself in his motion to vacate.

conviction, holding that the evidence supported the conviction, the potential prejudice to the defendant in admitting evidence of the defendant's two prior convictions for illegal possession of firearms did not outweigh the probative value of such evidence; and the sentencing court properly considered defendant's probation status in imposing a sentencing increase.

Pham argues that his appointed counsel was ineffective for failing to investigate his continued probation, until February 7, 2002, in a Kansas state court action (Ford County District Court Case Number 98-JV-22, later transferred to Sedgwick County District Court as Case Number 98-JV-188).  The defendant alleges that this probation should have ended on December 10, 1998, and that this error resulted in two points being added to his criminal history score pursuant to U.S.S.G. §4A1.1(d).  Pham has not provided any evidence in support of his allegation.

Counsel for Pham did file a written objection to the initial presentence investigation report dated August 26, 2002, objecting to the U.S.S.G. §4A1.1(d) enhancement.  The initial presentence investigation report recommended an enhancement based on defendant being on probation in the Ford County case.  Counsel contended that the Ford County probation would not occur until after Pham had completed his sentence in another Sedgwick County case (Sedgwick County District Court No. 01-CR-1714).  Counsel also asked for a downward departure based on an over-represented criminal history under U.S.S.G. § 4A1.3.

The Probation Office revised the presentence investigation report, finding that at the time of the charged offense Pham was under a criminal justice sentence, Case No. 98-JV-188, and thus U.S.S.G. §4A2.2(d) enhancement applied.  The report noted defendant's second objection relating to over-representation.

2

Counsel for Pham did argue at the sentencing hearing that the terms of the sentence imposed in the Ford County case (later transferred to Sedgwick County) indicated the defendant should have been discharged from probation in December 1998, prior to the charged offense.  Counsel did not explicitly object to the §4A1.1(d) enhancement, but did argue over-representation in criminal history.

This court overruled counsel's objections to the presentence investigation report holding that, "the criminal history in this case is very representative of Mr. Pham's history, just as it's supposed to be.  So, we're going to continue with the criminal history category of 4, total offense level of 24." (Tr. at 120.) The court held that the presentence investigation report was accurate and the findings incorporated in the sentence.  (Id. at 121.)  In the appeal, counsel argued this court erred in applying a two-point enhancement, since Pham's sentence should have expired (even if it this had not been officially recognized).

Assuming without deciding that Pham properly preserved the issue, the Tenth Circuit  held that the sentence was correct since Pham had failed to point to any evidence proving the probation should have been discharged earlier.  The Court of Appeals noted the possibility that the defendant violated a condition of his probation resulting in extension of the term of probation.  *United States v. Pham*, 78 Fed.Appx. 86, 91 (10th Cir. 2003).

Pham has failed to show that his counsel committed errors which create a reasonable probability the outcome would have been any different.  *See Strickland v.  Washington*, 466 U.S. 668 (1984); *United States v.  Romano*, 239 F.3d 1156, 1180 (10th Cir. 2001).  In seeking a sentencing enhancement for a prior conviction or sentence, the government has the burden of showing the existence of the prior conviction or sentence; the burden then shifts to the defendant to show the conviction or sentence was invalid or otherwise improperly considered.  *United States v.*

3

*Windle*, 74 F.3d 997, 1001 (10th Cir. 1996).  Here, Pham has failed to provide evidence that the Ford County probation should have been discharged earlier than 2002.

Counsel for Pham vigorously defended the matter, moving to dismiss the action for violation of the interstate agreement on detainers, and moving in limine to exclude gang evidence and other crimes evidence.  Counsel vigorously sought to limit the extent of Pham's criminal history. Petitioner Pham has failed to prove either that counsel was deficient in his performance, or that but for that alleged deficient performance, there is a reasonable possibility the result would have been different.

IT IS ACCORDINGLY ORDERED this 10th day of February, 2005, that the Petitioner's Motion to Proceed In Forma Pauperis (Dkt. No. 48) is granted, Petitioner's Motions for Appointment of Counsel and to Vacate (Dkt. Nos. 47, 49) are hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE